JOHN S. LEONARDO
United States Attorney
District of Arizona
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Mag. No. 16-04682 |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT (Flip-Flop) |
| ~~Cinthia~~ Mendivil-Verdugo Cynthia Valeria Defendant. | Fast Track U.S.S.G. § 5K3.1 |

The parties enter into the following agreement:

1. Defendant will enter a plea to Count 2 of the complaint, Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers of the United States, a misdemeanor offense, in violation of 8 U.S.C. § 1325, 18 U.S.C. § 2. This plea will occur no later than the time set for detention hearing/preliminary hearing.

2. The government will dismiss Count 1 of the complaint, Transportation of Aliens for Profit, a felony, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). This charge, if proven, carries a maximum sentence of ten years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3. The elements of Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers of the United States are as follows:

a. The defendant did transport aliens that he knew to be in the United States illegally;

b. The defendant did so to aid and abet the aliens' presence in the United States;

      c. The defendant did so to assist the aliens in eluding examination and inspection by Immigration Officials of the United States.

4. The maximum penalty for the offense to which the defendant is pleading guilty is six (6) months in custody, a $5,000 fine, and a $10 special assessment.

5. Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the government and the defendant stipulate and agree to a sentence of 60 days of imprisonment. Defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence. The government and the defendant reserve the right to withdraw from this agreement if the sentence is less or more than 60 days.

6. The parties waive a Pre-Sentence Investigation Report and agree that sentencing will occur on the date of the change of plea.

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

8. Defendant waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

9. <u>Factual Basis for Plea:</u>

On or about November 21, 2016, at or near Mescal, in the District of Arizona, I, Cinthia Mendivil-Verdugo, did move certain illegal aliens, namely Antolin Cantu-Ramirez and Marcelino Velasco-Cantu, by transporting them in the vehicle I was driving. I knew that the individuals whom I was transporting were illegally in the United States and I was aiding and abetting their presence in the United States. I was transporting them in order to assist them in eluding examination and inspection by Immigration Officials of the United States.

___12/1/16___  
Date

**Cinthia Mendivil-Verdugo**  
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

___12/1/16___  
Date

Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

12/1/16
Date

_____
Assistant U.S. Attorney